UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE:<br><br>Frederick V. McMenimen, III<br><br>    Debtor | CHAPTER 7<br><br>CASE NO.: 12-10713-JMD |
| Mark P. Cornell, Trustee for<br>Frederick V. McMenimen, III<br>    Plaintiff<br><br>v.<br><br>Frederick V. McMenimen, Jr. | Adversary Proceeding<br><br>No.: 13-_____ |

## COMPLAINT

NOW COMES Mark P. Cornell, Esq., Chapter 7 Trustee (hereinafter the "Trustee") of the Estate of Frederick v. McMenimen, III (hereinafter the "Debtor") and complains against Frederick V. McMenimen, Jr. (hereinafter the "Defendant"), stating as follows:

### I. INTRODUCTION

1. In this Complaint the Trustee seeks an order, or orders, avoiding as preferential and/or fraudulent transfers, monies transferred by the Defendant to the Plaintiff.

2. An award of compensatory damages, equal to the value of the transferred property, described in the paragraph immediately above, as compensatory damages along with interest at the statutory rate and other recoverable costs and expenses and also an amount equal to the attorneys fees, reasonably incurred by the Trustee, in seeking and obtaining payment, if the Defendant fails to turnover the transferred value of the property, on or before the date by which the Court orders turnover to the Trustee.

## II. PARTIES AND JURISDICTION

3. Mark P. Cornell is the Trustee of the above-captioned Estate of Frederick V. McMenimen, III.

4. Frederick V. McMenimen, III, the Debtor, is the son of Frederick V. McMenimen, Jr., the Defendant.

5. Upon information and belief the Defendant has a principal place of residence at 72 Peartree Lane, Newmarket, NH 03857.

6. This Court has jurisdiction over the subject matter of this proceeding under 28 U.S.C. §157(a) and 28 U.S.C. §1334.

7. That pursuant to AO 7008-1, the Trustee consents to the entry of final orders and/or Judgment by the Bankruptcy Court.

## III. FACTS COMMON TO ALL COUNTS

A. THE DEBTOR MISAPPROPRIATED FUNDS

8. That the Debtor filed his Chapter 7 Petition for Relief on March 6, 2012.

9. That by promissory note executed on March 14, 2008 (as modified), the Debtor was indebted to the Defendant in the principal amount of $100,000.00, plus interest, on May 29, 2010.

10. That prepetition, the Debtor was employed and held himself out as a financial consultant and financial planner.

11. That from approximately September 3, 2007 to October 7, 2011 the Debtor was employed by a nationally-known insurance and investment brokerage firm, at its Portsmouth, New Hampshire branch.

12. That beginning in approximately October 2008, the Debtor did solicit funds for purported investment purposes from third-parties, in his consulting and financial planning capacities.

13. That the Debtor was engaged, during this same period, in what is commonly known as a "Ponzi Scam" and was misappropriating client funds for his own personal use.

14. That many of the Debtors customers were family members or, friends of family members, and they placed a great deal of trust in the Debtor.

15. That notwithstanding the above described trust, by the year 2010, lawsuits were filed against the Debtor, on a civil basis, generally alleging misfeasance and/or malfeasance by the Debtor, with funds he had been given to invest by his customers, including but not limited to Debtor's family members and/or friends.[1]

16. That the aforementioned lawsuits, sought civil damages from the Debtor.

17. That at least one of the lawsuits was brought by the Defendant's sister and the Debtor's aunt.

18. That another lawsuit was filed on behalf of the Defendant's nephew and the Debtor's cousin.

B. DEFENDANT OPENED A BANK ACCOUNT TO SHIELD THE DEBTOR FROM THE CIVIL LAWSUITS.

19. That prior to the filing of the Debtor's Petition for Chapter 7 Relief (hereafter "Prepetition") the Defendant did obtain a bank account, with Citizens Bank, with the last four digits of the account number being 2188 (hereafter "account 2188").

20. That the aforementioned bank account, number 2188, was opened using the Defendant's tax identification number, on or about May 29, 2010.

21. That pursuant to Defendant's testimony in a Rule 2004 Exam, account 2188 was used for the sole and exclusive purpose of allowing the Defendant's son, the Debtor, to deposit funds and to have said funds shielded, from legal process, brought by some of the Debtor's creditors, described above.

---

[1] On or about December 11, 2009 and subsequently affirmed over the Debtor's Objection on January 10, 2010, a state court in Massachusetts entered orders against the Debtor restraining the Debtor from transferring money in excess of $2,500.00 without prior notice to his judgment creditors. See Exhibit 1 and Exhibit 2, affixed hereto. The Injunctive Orders of the Massachusetts state court were subsequently domesticated in the Rockingham County (New Hampshire) Superior Court on March 9, 2011. See Exhibit 3, affixed hereto.

22. That as admitted in his testimony in a Rule 2004 Exam, in May 2010, the Defendant was aware of the lawsuits (described above) against his son.

23. That as admitted in his testimony in a Rule 2004 Exam, in May 2010, the Defendant was aware that the Debtor was having trouble, operating as in investment advisor, because any monies held in the Debtor's name were subject to outstanding Court orders and possible additional legal process, stemming from the lawsuits described above.

24. That as admitted in his testimony in a Rule 2004 Exam, in order to shield the Debtor from the affects of legal process stemming from the lawsuits against Debtor, the Defendant allowed the Debtor to deposit monies into account 2188, so as to shield said monies from the Debtor's creditors.

25. That at the time when account 2188 was opened, the Debtor was unable to pay his creditors, including but not limited to the family members who had filed suit against the Debtor.[2]

C. THE DEBTOR GAVE THE DEFENDANT FUNDS TO DEPOSIT IN THE DEFENDANT'S BANK ACCOUNT.

26. That in addition to maintaining account 2188 in his name, the Defendant has a second bank account, with Citizens Bank, account no. XXXXXX4386 (hereafter "account 4386").

27. That account 4386 was used exclusively by the Defendant and the Debtor had no access to account 4386.

28. That in 2010 and subsequently, the Debtor would, from time to time, give the Defendant checks, money orders, and other negotiable funds and the Debtor would instruct the Defendant to deposit these same funds into account 4386.

29. That the aforementioned deposits of Debtor's funds, into Defendant's account 4386, at the Debtor's instructions, were as follows:

---

[2] Pursuant to an order dated February 12, 2010, after a four (4) year "unnecessarily complicated and prolonged history," the same Massachusetts court which had entered the above-described Injunctions (attached as Exhibits 1 and 2), entered Judgment against the Debtor in the amount of $900,000.00 (including punitive damages for Unfair and Deceptive Business Practices), plus attorney's fees.

| DATE: | AMOUNT: | DATE: | AMOUNT: |
|---|---|---|---|
| 01/01/2010 | $29,000.00 | 08/18/2011 | $3,000.00 |
| 06/17/2010 | $75,000.00 | 08/18/2011 | $3,000.00 |
| 07/06/2010 | $18,000.00 | 12/01/2011 | $22,867.22 |
| 03/29/2011 | $135,000.00 | | |

30. That at the time of the deposits into account 4386, the Debtor was unable to pay his creditors, including but not limited to, the family members who filed suit against him.

31. That the above-description funds were deposited into account 4386 to shield said funds from legal process and the lawsuits filed by the Debtor's creditors.

32. That accompanying each instruction to deposit funds into account 4386, the Debtor also requested that the Defendant subsequently transfer the deposited funds out of account 4386 and into account 2188, which was being utilized by the Debtor.

33. That the Defendant did cooperate with the Debtor's instruction on multiple occasions between the period of June 1, 2010 until the date of filing of the Chapter 7 petition and was aware of the Debtor's attempts to shield the funds from the lawsuits filed by the Debtor's creditors.

34. That in the Prepetition period, immediately described above in the preceding paragraph, the Defendant did deposit the sum of two hundred eighty five thousand eight hundred sixty seven dollars and twenty-two cents ($285,867.22), into Defendant's account 4386, before transferring said deposits from Account 4386 into account 2188.

D. DEFENDANT ASSISTED DEBTOR'S USE OF ACCOUNT 2188 AS A SHIELD.

35. That from the period commencing in June of 2010 and continuing through April 15, 2012 (in addition to electronic transfers by the Defendant, from account 4386 into account 2188), the Debtor also made deposits, directly into account 2188.

36. That the Defendant was fully aware of the Debtor's direct deposits and withdrawals, in and out of account 2188, as the Defendant did monitor the account electronically.

37. That the Defendant did aid and abet the Debtor's direct deposit of funds, in the Debtor's possession, into account 2188, so as to deprive the Debtor's creditors from these funds.

38. That at the time of the aforementioned withdrawals, the Debtor was insolvent and was unable to pay his creditors, including but not limited to family members who had filed suit against the Debtor.

39. That the Debtor's bankruptcy petition lists the Defendant as a creditor of this estate.

40. That the Defendant did not deposit any of his "own money" into account 2188, according to the Defendant's testimony in a Rule 2004 Exam.

41. That from the period of May 2010 through August 2012, no funds, originating from to the Defendant, were deposited into account 2188 and the originating source of funds for all deposits, were monies paid to the Debtor by third-party creditors.

42. That from the period of June 3, 2010 through the date of the Debtor's filing of his petition for Chapter 7 relief, the Defendant did withdraw the sum of one hundred fifty three thousand one hundred thirty five dollars and ninety cents ($153,135.90), on multiple occasions, from account 2188 and did receive, or otherwise benefit from, said withdrawals.

43. That in many instances, described in the previous paragraph, the amounts received by the Defendant were electronic transfers personally made by the Defendant, to himself, from the Debtor's funds in account 2188.

44. The Defendant knew, or should have known, that the purpose of account 2188 and use of account 4386 was inappropriate, unlawful, fraudulent, and otherwise illegal, as the Defendant was a retired banker and had multiple degrees in banking, and a law degree.

E. DEFENDANT WITHDREW FUNDS, OR HAD FUNDS WITHDRAWN FROM ACCOUNT 2188, FOR THE DEFENDANT'S BENEFIT.

45. That although the Defendant did not deposit, any of his "own money," into account 2188, the Defendant did withdraw money from account 2188 for the Defendant's own use and/or purposes.

46. That the Defendant's withdrawal of funds, from account 2188, was only done after the Defendant consulted with and had approval of the Debtor, for each withdrawal.

47. That the withdrawal of funds, by the Defendant from monies in the account 2188, was done for a variety of reasons. But primarily, said withdrawals by the Defendant were made so as to repay him for a loan which the Defendant had made to the Debtor.

48. That the withdrawal of funds by the Defendant out of account 2188, for loan repayments and other reasons, resulted in the withdrawals being deposited into the Defendant's account, 4386.

49. That funds were withdrawn from account 2188 for the Defendant's purposes on the following dates and in the following amounts:

| TRANSFER DATE | AMOUNT: |
| --- | --- |
| 06/03/2010 | $10,000.00 |
| 06/07/2010 | $7,000.00 |
| 08/05/2010 | $1,000.00 |
| 09/07/2010 | $1,000.00 |
| 10/05/2010 | $1,000.00 |
| 11/05/2010 | $1,000.00 |
| 12/06/2010 | $1,000.00 |
| 02/07/2011 | $4,000.00 |
| 03/04/2011 | $13,150.00 |
| 03/07/2011 | $1,000.00 |
| 04/05/2011 | $1,000.00 |
| 05/05/2011 | $1,000.00 |
| 06/03/2011 | $1,000.00 |
| 07/05/2011 | $3,606.60 |

| Date | Amount |
|---|---|
| 08/05/2011 | $3,000.00 |
| 06/03/2011 | $1,000.00 |
| 07/05/2011 | $3,606.60 |
| 08/05/2011 | $3,000.00 |
| 09/19/2011 | $3,000.00 |
| 10/06/2011 | $10,000.00 |
| 10/20/2011 | $10,000.00 |
| 12/02/2011 | $6,000.00 |
| 12/08/2011 | $6,000.00 |
| 11/30/2011 | $22,867.22 |
| 12/19/2011 | $5,000.00 |
| 01/11/2012 | $15,538.08 |
| 01/19/2011 | $24,974.00 |
| 04/10/2012 | $6,000.00 |

50. That the Defendant is an "insider" as that term is defined under §101 of the Bankruptcy Code.

## IV. CLAIMS

## COUNT I

Claim to Avoid Fraudulent Transfers pursuant to 11 U.S.C. 548
(Defendant's withdrawal of money deposited by Debtor into account 2188)

51. That all paragraphs set forth above, are reiterated and incorporated by reference.

52. That pursuant to 11 U.S.C. 548(a)1:

> The trustee may avoid any transfer…of an interest of the debtor in property…that was made…within two years before the date of filing of the petition…if the debtor…(A) made such transfer…with the actual intent to hinder, delay or defraud any entity to which the debtor was…indebted; or (B) received less than reasonably equivalent value in exchange for such transfer; and (ii)(I) was insolvent on the date that such transfer was made…or became insolvent as a result of said transfer…was engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with the debtor was an unreasonably small capital intended to occur, or believed that the debtor would incur, debts that would be beyond the debtors ability to pay as such debts matured; or made such a transaction for the benefit of an insider…

53. That for the period beginning June 3, 2010 and ending January 19, 2012 the Defendant received a total of twenty-four (24) withdrawals totaling $153,135.90.

54. That most of the withdrawals were made by the Defendant himself, by making electronic transfers out of account 2188 and into account 4386.

55. That, however, some of the transfers were by negotiable instrument, signed and endorsed by the Defendant, out of account 2188.

56. That the Defendant did not receive reasonably equivalent value for any of the funds transferred to him.

57. Those in all instances, withdrawals out of account 2188 by the Defendant, or for the Defendant's benefit, were made with the Debtor's approval and assent.

58. That the Defendant is an "insider" and creditor of the Debtor, under the Bankruptcy Code.

59. That at all times referenced in this Count, the Debtor was insolvent and was engaged in the financial planning business for which any property or monies in his possession was unreasonably small and were beyond the Debtor's ability to pay, as the Debtor's obligations matured.

60. That transfers of monies out of account 2188 were actually made to defraud the Debtor's creditors, as the funds were initially put into account 2188 to prevent the Debtor's creditors from utilizing legal process to reach said funds.

61. That further, the Debtor was insolvent during all periods, referenced in this Count, when the Defendant withdrew money from account 2188 and the Debtor was unable to pay his debts, as they matured.

62. That the Defendant's transfer of funds out of account 2188, are fraudulent transfers pursuant to 11 U.S.A. 548(a)1 and the transfers must be avoided pursuant to 11 U.S.C. 548(a)1 and 11 U.S.C. 550.

## COUNT II

<u>Claim to Avoid Fraudulent Transfers made pursuant to 11 U.S.C. 544(b)</u>
(Defendant's withdrawal of money deposited by Debtor into account 2188)

63. That all allegations and paragraphs set forth above, in this Complaint, are reiterated and restated in this Count by reference.

64. That pursuant to 11 U.S.C. 544(b), the trustee may bring a fraudulent transfer action, in the Bankruptcy Court, under applicable State law.

65. That pursuant to NH RSA 545-A:4(I)(a), the trustee may avoid a transfer of property within four years of the petition date, if the transfer was fraudulent as to any creditor of the Debtor, whether or not the debt was incurred before or after the transfer, if the Debtor made the transfer "with the actual intent to hinder, delay or defraud any creditor of the Debtor.

66. That as set forth above, account 2188 was utilized by the Debtor for the sole and exclusive purpose of shielding funds in possession of the Debtor, from claims of his creditors in the lawsuits against him, by utilizing an account in the Defendant's name and the Defendant's tax ID number, so as to make holdings in account 2188 beyond the reach of creditors of the Debtor.

67. That it is no mere coincidence that the Debtor and the Defendant share the same first and last name, as this helped enable the Debtor to commit fraud upon his creditors (with the assistance, scienter and consent of the Defendant).

68. That between the period of June 3, 2010 through January 11, 2012, a total of twenty-four (24) separate transfers of the Debtor's funds, out of account 2188, were made to the Defendant.

69. That the aforementioned transfers totaled $153,135.90.

70. That said payments were fraudulent and avoidable transfers pursuant to 11 U.S.C. 544(b) and NH RSA 545-A:4(I)(a).

## COUNT III

<u>Preferential Payments under 11 U.S.C. 547(b)</u>
(Defendant's withdrawal of money deposited by Debtor into account 2188)

71. That each and every paragraph set forth above, in this Complaint is reiterated in this section and incorporated by way of reference.

72. That pursuant to 11 U.S.C. 547(b):

> [T]he trustee may avoid any transfer of an interest by the debtor in property (1) to or for the benefit of a creditor; (2) for or on an account of an antecedent debt owed by the Debtor before the transfer was made; (3) made while the debtor was insolvent; (4) made (B) between ninety (90) days and one year before the date of filing of the petition if such creditor at the time was an insider; and (5) that enable such creditor to receive more than such creditor would receive if (A) the case were a case under Chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

73. That the Defendant is listed as a creditor in the Chapter 7 petition for relief.

74. That the Defendant, as father of the Debtor, is an "insider" and holder of a note payable by the Debtor, dated March 14, 2008.

75. That for the period beginning June 3, 2010 and ending on or about January 11, 2012 (a period when the Debtor was insolvent) the Defendant received numerous payments, out of account 2188, the purpose of which was to repay a note, signed by the Debtor in favor and held by the Defendant, for monies loaned in the principal loan amount of $100,000.00, plus interest.

76. That said payments are preferential payments to the Defendant by the Debtor, and enable the Defendant to receive more funds than the other creditors of the Debtor's Chapter 7 estate and enabled the Defendant to receive more monies, had the transfers not been made.

77. That in the one year period prior to filing, the Defendant received the sum of $113,985.90 out of account 2188, in payment of monies owed by the Debtor to the Defendant.

## COUNT IV

<u>As an alternative Count to Count I, above (Claim to Avoid Fraudulent Transfers pursuant to 11 U.S.C. 548)</u> (Defendant's Deposit of Debtor's funds into account 4386)

78. That all paragraphs set forth above, are reiterated and incorporated by reference.

79. That pursuant to 11 U.S.C. 548(a)1:

> The trustee may avoid any transfer...of an interest of the debtor in property...that was made...within two years before the date of filing of the petition...if the debtor...(A) made such transfer...with the actual intent to hinder, delay or defraud any entity to which the debtor was...indebted; or (B) received less than reasonably equivalent value in exchange for such transfer; and (ii)(I) was insolvent on the date that such transfer was made...or became insolvent as a result of said transfer...was engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with the debtor was an unreasonably small capital intended to occur, or believed that the debtor would incur, debts that would be beyond the debtors ability to pay as such debts matured; or made such a transaction for the benefit of an insider...

80. That this Count is an alternative theory to Count I, above.

81. That all facts and circumstances, as set forth above, are herein incorporated.

82. That prepetition, from the period of June 1, 2010 through and including December 1, 2011 the Debtor transferred to the Defendant funds and said funds were deposited into the Defendants account 4386.

83. That specifically, the Debtor transferred to the Defendant seven (7) separate deposits totaling two hundred eighty five thousand eight hundred sixty seven dollars and twenty two cents ($285,867.22), without receiving reasonably equivalent value.

84. That all seven (7) deposits were received by the Defendant and placed into an account, 4386, to which the Debtor had no access.

85. That all seven (7) deposits were made with the intention of defrauding the Debtor's creditors.

86. That each time, in the period set forth above in this Count, at the time the Debtor gave the Defendant said funds, the Debtor was insolvent, or became insolvent as a result of such transfer.

87. At the time of each transfer, set forth above in this Count, the Debtor was engaged in a business transaction, or was about to engage in a business transaction, for which any property remaining in the Debtor's possession was unreasonably small.

88. That for each transaction described in this Count, the Debtor knew or should have known, that the debts he was incurring, were beyond his ability to pay, as such debts matured.

89. That for each deposit and transfer made and described in this Count, the monies were transferred to the Defendant, an "insider."

90. That each of the seven transfers, described in this Count, are fraudulent transfers pursuant to 11 U.S.C. 548(a)(1) and the transfers must be avoided pursuant to 11 U.S.C. 548(a)(1) and 11 U.S.C. 550.

## COUNT V

<u>As an alternative Count to Count II, above (Claim to Avoid Fraudulent Transfers made pursuant to 11 U.S.C. 544(b)</u> (Defendant's Deposit of Debtor's Funds into account 4386)

91. That all allegations in the paragraphs set forth above, in this Complaint, are reiterated and restated in this Count by reference.

92. That pursuant to 11 U.S.C. 544(b), the trustee may bring a fraudulent transfer action, in the Bankruptcy Court, under applicable State law.

93. That pursuant to NH RSA 545-A:4(I)(a), the trustee may avoid a transfer of property within four years of the petition date if the transfer was fraudulent as to any creditor of the Debtor, whether or not the debt was incurred before or after the transfer, if the Debtor made the transfer "with the actual intent to hinder, delay or defraud any creditor of the Debtor.

94. From the period beginning June 1, 2012 and ending on or about December 1, 2011, the Debtor did give the Defendant, on seven (7) different dates, the total sum of two hundred eighty five thousand eight hundred sixty seven dollars and twenty two cents ($285,867.22).

95. That the purpose of giving said funds, by the Debtor to the Defendant, was for the actual purpose hindering, delaying and defrauding the Debtor's creditors.

96. That said funds given by the Debtor were deposited into the Defendant's account 4386.

97. That the Debtor receives no consideration from the Defendant for said transfers.

98. That as father, creditor and namesake of the Debtor, the Defendant is an "insider."

## V. RELIEF REQUESTED

The trustee requests that this Count enter an Order with respect to the following relief:

A. Declare that the transfer of funds, as described in Count I, above, are fraudulent transfers pursuant to 11 U.S.C. 548 and enter an Order that those transfers are avoided in favor of trustee;

B. Order the Defendant to turn over to trustee, all funds avoided by this Court, under prayer A above, forthwith;

C. Declare that the transfer of funds, as described in Count II, above, were fraudulent transfers pursuant to NH RSA 545-A:4(I)(a) and 11 U.S.C. 544(b) and Order those transfers be avoided, in favor of the trustee;

D. Order that the Defendant shall, forthwith, turn over all funds avoided under Count II to the Trustee.

E. Declare that all funds transferred to the Defendant, by the Debtor, were preferences pursuant to 11 U.S.C. 547(b) and 11 U.S.C. 550;

F. Order the Defendant to turn over all preferential payments, ordered by the Court in Count III, to the trustee, forthwith;

G. As an alternative to Count 1, above, enter an Order that the transfer of funds, described in Count IV, above, were fraudulent transfers in violation of 11 U.S.C. 548 and that said transfers are in favor of the trustee;

H. Order the Defendant to immediately turn over all funds declared to be fraudulent transfers, in Count IV, to the trustee, forthwith;

I. As an alternative to Count II above, enter an Order that all monies transferred and described in Count V, are fraudulent transfers in violation of NH RSA 545-A:4(I)(a) and 11 U.S.C. 544(b) in favor of the trustee;

J. Order the Defendant to surrender all funds received in the transfers described in Count V, which are declared fraudulent by the Court, and further provide that the Defendant is to turn over said funds to the trustee, forthwith;

K. Order that should the Defendant fail to turnover any funds, under any order entered in the Trustee's favor under this Complaint, that the Defendant shall be responsible for all of the Trustee's costs and fees in seeking enforcement of a judgment entered for the Trustee; and

L. For other and further relief as is just and equitable.

Respectfully Submitted

Dated: January 21, 2014

/s/ Daniel C. Proctor, Esq.
Daniel C. Proctor, Esq.
P.O. Box 3544
Concord, NH 03302-3544
603-228-8226